UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN MICHAEL CASEY,

    Plaintiff,

vs.                      Case No. 2:11-cv-588-FtM-29SPC

CAPTAIN HALL, MRS. WILLIAMS, DEPUTY SHAINLINE,

    Defendants.
_____

**ORDER OF DISMISSAL**

This matter comes before the Court upon review of the file. Brian Casey, a pro se plaintiff, initiated this action while detained in the Lee County Jail by filing a Civil Rights Complaint (Doc. #1, Complaint), pursuant to 42 U.S.C. § 1983, and attached an exhibit consisting of an inmate grievance and response thereto.[1] Plaintiff seeks leave to proceed in forma pauperis in this action. See Doc. #2.

**I.**

The Prison Litigation Reform Act requires that the Court review all complaints filed by prisoners against a governmental entity to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915A(a), (b)(1), (b)(2). In essence, § 1915A is

_____

[1]Plaintiff did not use the form for section 1983 prisoner complaints and instead submits his Complaint on notebook paper.

a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing a complaint, however, the Court accepts the allegations in the complaint as true, Boxer v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), and applies the long established rule that pro se complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted).

Pursuant to § 1915A, the Court "shall" dismiss the complaint, if, inter alia, it fails to state a claim upon which relief may be granted. § 1915(b)(1). The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915(b)(1). Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001). Under Rule 12(b)(6), the court views all allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). The standard governing Federal Rule of Civil Procedure 12(b)(6) dismissals apply to dismissals under § 1915(e)(2)(ii). Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Section 1915(e)(2)(B)(ii) is identical to the screening language of § 1915A.[2] Thus, a complaint is subject to

---

[2]As noted supra, Plaintiff seeks leave to proceed in forma pauperis in this action. Doc. #2. Thus, the Complaint is also
(continued...)

dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. \_\_\_\_, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. \_\_\_\_, 129 S. Ct. at 1949. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Twombly, 550 U.S. at 556. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual

---

²(...continued)
subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

enhancement." Id. Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

## II.

Plaintiff files this action against Defendants, officers at the Lee County Jail, alleging violations of his constitutional rights stemming from his inability to have the hair cut of his choice while held in administrative confinement at the Lee County Jail. See Complaint. Plaintiff sues "Captain Hall," "Mrs. Williams," and "Deputy Shainline." Id. at 1. Plaintiff claims a violation of his "5th and 14th Amendment rights to the United States Constitution." Id. at 1. Plaintiff also claims a violation of his rights protected under the Florida Constitution. Id.

According to the Complaint, while held in administrative confinement at the downtown Ft. Myers location of the Lee County Jail, also known as "the Main Jail," Plaintiff asked Defendant Captain Hall if he could have his hair cut. Id. at 2. Plaintiff states that Defendant Hall told him "there are no inmate barbers in the Lee County Corrections System." Id. Plaintiff complains that "[t]he only access the Defendants would give the Plaintiff to cut his hair were hair clippers with no guards on an extension cord while locked in a solitary confinement cell. The choice was to shave the head bald to the skin or not cut it at all." Id. Plaintiff submits, however, that when he was previously detained at

the Ortiz Avenue location of the Lee County Jail, also known as "the Core Building," he was assigned an inmate barber who cut his hair. Id. at 3. Thus, Plaintiff claims that the inmates who live in the Core Building have access to inmate barbers, but the inmates who live at the Main Jail do not. Id.

As relief, Plaintiff seeks to change "Captain Hall's policies" by: (1) directing that jail officials allow inmate barbers to come from the Core Building to the Main Jail to cut inmates' hair; and, (2) directing jail officials to allow hair clippers with different hair guard attachments so that hair can be cut to different lengths. Id. Plaintiff also seeks "punitive damages" in the amount of $100,000. Id. at 4.

### III.

Although Plaintiff cites a litany of constitutional violations, the Court, liberally construing the Complaint, finds that Plaintiff, as a pretrial detainee, is entitled to the protections of the Fourteenth Amendment. Although the Eighth Amendment's proscriptions apply only to convicted prisoners, it is well settled that the "applicable standard" of the Eighth Amendment is the same under the due process clause of the Fourteenth Amendment. Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005); Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996).

It is a long held axiom that "by virtue of their convictions, inmates must expect significant restrictions, inherent in prison

life, on rights and privileges free citizens take for granted." McKune v. Lile, 536 U.S. 24, 40 (2002)(citing Meachum v. Fano, 427 U.S. 215, 225 (1976) and Hewitt v. Helms, 459 U.S. 460. 467, n.4 (1983)). In evaluating the constitutionality of the restrictions placed on Plaintiff, the Eighth Amendment's prohibition against cruel and unusual punishment which prohibits the "unnecessary and wanton infliction of pain" is the governing standard. Hudson v. McMillian, 503 U.S. 1, 5 (1992); Rhodes v. Chapman, 452 U.S. 337, 345-46 (1981); Estelle v. Gamble, 429 U.S. 97, 102 (1976). To demonstrate unconstitutional conditions of confinement, a plaintiff must meet a "high bar" by demonstrating "extreme deprivations." Chandler v. Crosby, 379 F.3d 1278, 1298 (11th Cir. 2004). The court employs a two-part analysis in determining whether the conditions of a plaintiff's confinement violate the Eighth Amendment. Hudson, 503 U.S. at 8. First, a condition must be objectively and sufficiently serious, or "extreme," to constitute a denial of the "minimal civilized measure of life's necessities." Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010)(quoting Farmer v. Brennan, 511 U.S. 825 (1994)(internal citations omitted)). Second, a plaintiff must come forward with some factual allegations to show that the defendant official "acted with a sufficiently culpable state of mind." Id. (citations omitted). In other words, a plaintiff must show the defendant acted with "deliberate difference." Id. Significantly, a defendant must: (1)

have subjective knowledge of a risk of harm; (2) disregard that risk; and (3) engage in conduct that rises above mere negligence. The Court employs a "totality of conditions" test to determine if the conditions of confinement amount to a constitutional deficiency. <u>Wilson v. Blankenship</u>, 163 F.3d 1284 (11th Cir 1998).

Here, the Court finds that Plaintiff cannot overcome the first hurdle of the test. Significantly, the Court finds that the restrictions placed on Plaintiff's choice of haircut do not present the type of deprivation of life's necessities that rise to an Eighth Amendment violation. <u>Chandler v. Crosby</u>, 379 F.3d at 1298. Such a deprivation is not a "serious" or "extreme" condition, or one that violates "contemporary standards of decency," or constitute the denial of "the minimal civilized measure of life's necessities." <u>Id.</u> at 1289-90. Plaintiff, who is held in administrative confinement, has the ability to have his hair cut. Plaintiff simply does not want to shave his hair. These facts do not amount to cruel and unusual punishment under the Eighth Amendment. <u>See</u> <u>Hallums v. Dep't of Corr.</u>, Case No. 7:10-cv-307, 2010 WL 2927433 (W.D. Va. July 23, 2010)(dismissing action <u>sua sponte</u> on basis that allegations of cruel and unusual punishment for having hair cut claims an infringement of a legal interest which "clearly" does not exist). Therefore, the Court finds the action fails to state a Fourteenth Amendment claim and must be dismissed.

To the extent Plaintiff attempts to state an equal protection claim, he must alleged: (1) that he has been treated differently than "similarly situated" inmates, and (2) that the discrimination is based on upon a constitutionally impressible basis, such as, race, religion, national origin, or some other protected right. Sweet v. Sec'y Dep't of Corr., 467 F.3d 1311, 1319 (11th Cir. 2006). The Complaint contains no such allegations, and, therefore fails to state a claim.[3]

To the extent Plaintiff seeks the award of monetary damages as relief, 42 U.S.C. § 1997(e) precludes the award of monetary damages for an alleged mental or emotional injury suffered while in custody without a prior showing of physical injury. Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007). The Complaint does not allege that Plaintiff sustained any physical injuries. Consequently, Plaintiff cannot sustain a claim for any monetary damages, including punitive damages.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's motion for leave to proceed in forma pauperis (Doc. #2) is **DENIED.**

2. Plaintiff's Complaint (Doc. #1) is **DISMISSED without prejudice** pursuant to § 1915 for the reasons set forth above.

---

[3]Because the Court finds the Complaint fails to state a violation of federal law, the Court will not exercise pendent jurisdiction over any possible State law claims alleged herein.

3. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, on this __16th__ day of November, 2011.

*John E. Steele*
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record